Good morning. Thank you, Your Honor. May it please the Court, I'm Nick Pachadlik. I'm appearing on behalf of the petitioner, Jateen Bhatt. Since the time that this case was appealed, there were originally three issues, but it seems that two of the three issues are essentially determined already. The first issue was whether Mr. Bhatt's conviction for theft was an aggravated felony. Since then, the government has abandoned that argument, and it seems likely that they did so because of the superseding law of the Supreme Court's decision in DECOM. The third issue was whether Mr. Bhatt is statutorily ineligible for relief under INA 212H. However, since the time of appeal just a few months ago, this Court made its decision in Negrete Ramirez v. Holder and held that Ailene's and Mr. Bhatt's position are not statutorily ineligible for relief under 212H. So he – so your client would be eligible? Yes, he is. Is Negrete final? Yes. The opinion has been published. Did the mandate issue? Has the mandate issued yet, or do you know? I do not know. Because sometimes things are happening if a mandate doesn't issue. Right. Yes, Your Honor. It's published in Westlaw. Was there a time – was there a petition for re-hearing? Petition for re-hearing. I'm not sure, Your Honor. Okay. We can check. However, it – regardless, Negrete Ramirez did – it was two years coming out, and it adopted the interpretation of every other court of appeals to consider 212H. Okay. Okay. So then we have the forgery conviction, right? Yes, Your Honor. The remaining issue is whether Mr. Bhatt's forgery conviction is an aggravated felony. And this issue really is about applying the law uniformly and with precision. The government seeks to remove Mr. Bhatt from this country to Tanzania, and they're not applying the law with precision, but with an improvised test that I argue is novel and that it argues that the government says is close enough. I ask this Court to reject the attempt and to require the government to carry its burden as well as bear its mistakes. Well, it seems like you're trying to say it would – you're talking sort of in a fairness that we've got to look at what standard of review do we use? The agency must prove by clear and convincing evidence that Mr. Bhatt is removable. Well, how great a loss must there be for the conviction to qualify as an aggravated felony? The loss of conviction – the loss to the victim that is tied to the conviction for which the Petitioner has alleged to be removable must be over $10,000. There seems to be evidence in the record that it's over $10,000. Respectfully, Your Honor, I disagree. There's evidence in the record suggesting that perhaps there was a loss of more than $10,000, but that is not tied to Mr. Bhatt's conviction for forgery. And this is the first part. The government must prove by clear and convincing evidence that Mr. Bhatt is removable as charged, and the agency charged Mr. Bhatt as removable for his conviction of forgery under subsection M, which is an offense that involves fraud in which the loss to the victim exceeds $10,000. So they have to prove that the forgery conviction is tied to the loss of $10,000. But the jury found – there's a jury finding that the theft resulted in more than $10,000. Now, how does that work so that the forgery wouldn't have been more than that? Well, that is new territory. And if this Court accepts the government's argument, then all of the convictions for Petitioner can be kind of mixed together. But, counsel, why is that new territory? I mean, there is in the record, there are – we have the jury verdict is memorialized very explicitly, and the jury specifically finds the enhancement that would place the loss involved as a result of the forgery well in excess of $10,000. I mean, that's the jury speaking to the very issue that you're addressing. I mean, what – why doesn't that meet the clear and convincing evidence standard when the jury speaks to the very loss amount that is critical to categorizing this as an aggravated felony? Your Honor, the jury found a loss. The jury did not tie that loss to the forgery conviction. Well, they found – but the jury found your client guilty of two charges, correct? Correct. And there were also two enhancements. And they found both of those enhancements to be true and of the value of what was taken. Yes, Your Honor. And he was also ordered to pay restitution in the amount of $172,924. Right? Yes, Your Honor. And critically, neither of those is tied to the forgery conviction. And this is the new ground. I would direct Your Honors to pages 426, 427 of the administrative record. I did reference this in my opening brief. This is the minute entry of sentencing describing how the judge applied the sentencing. Now, my opening brief focused mostly in the abstract of judgment, which I think is helpful, because it says that the enhancements are, quote-unquote, tied to the theft conviction and not the forgery conviction. And 426, 427 similarly shows that at sentencing, the judge applied enhancements to count one. Then we turn to page 427 and it says, as to count two, et cetera, but no enhancements are applied to that. And I support that. Counsel, you seem to – I think you have a fair point, that there seems to be a bit of a disconnect between the verdict as announced by the jury and the abstract of judgment, which does not seem to reflect the enhancement being tied to the forgery conviction. And to some extent, that confusion continues in the way in which the judge handled the sentencing. But why, for purposes of what the government is trying to do, why isn't the – why does that – that potential error in memorializing what the jury did, why isn't the jury verdict the best evidence of the loss amount involved in this forgery conviction? I mean, the jury spoke to the very issue. Goldstein, I think. Goldstein, Jr.: Two responses to that, Your Honor. First, I respectfully disagree. I do not believe the jury transcript shows us, by clear and convincing evidence, that the loss was tied to forgery, that it just has separate paragraphs. One paragraph finds conviction, other paragraphs find the enhancements, and the jury does not tie the enhancements to the convictions. Sotomayor, was this about stealing money by forgery? Is it the same underlying conduct? I believe the underlying conduct here is some sort of embezzlement where Mr. Bott was alleged to have set up shell companies and embezzled money from Toyota. So it's really kind of all the same conduct. It's just a question of what you're talking about. In the sentence, remind me, was there, like, a 654 stay? Did the judge, like, stay? Yes, Your Honor. And the son won? The judge applied the 654 stay, which, under California law, can you ---- Because you can't punish the same conduct twice. Well, under California law, to be precise, and I think for something as drastic as this, we need to be precise. Well, I was a California trial judge and sentenced people under 654, so tell me where I was wrong. To me, that pretty clearly says when you have to do a 654 stay, it's because it's all the same conduct. You can't punish someone twice for the same thing. That is one way of putting it. The California Supreme Court ---- Well, kind of the way that the judges put it. But if you have another way, please enlighten me. I do. Yes. In People v. Pearson, the California Supreme Court noted that the 654 stay can be applied where the conduct is, quote, unquote, motivated by a single intent or objective. And let's be precise. That's not tying it to the theft. That's not tethering it to the theft. And if we apply ---- if we ---- if this Court allows the government its argument, we'll be breaking new ground and allowing the agency to rummage into the record of conviction and borrow from other convictions that may or may not be related. Remind me. I don't ---- remind me in the record. Does the jury verdict ---- is the enhancement on the same page as the conviction? They're all on the same block. It runs over two pages of transcript by its paragraph. No, but the actual verdict forms. Do we have the actual verdict forms? No. I don't believe so. We've been relying on the transcript, Your Honor. Qualifies as the verdict form. We do have those. Okay. Go ahead. I'm sorry. I'll look at this while you're talking. Well, I didn't get to my second response to Judge Gleick, who has this question. The second part was simply if it is the judge who enters the sentences, the judge who determines the law, a judge can, in certain circumstances, overturn what the jury finds in a directed verdict. And so I believe that even if the panel does think that the transcript or the jury verdict form, if we're looking at that, is not ambiguous and does show by clear and convincing evidence, I would direct the panel to the abstract of judgment and the judge's minute order of sentencing. I think those more clearly show what was tied. If the Court has no more specific questions, I've got about four minutes. I'd like to use that for rebuttal. Thank you. Thank you. Good morning. Good morning. May it please the Court, Your Honors. Linda Doe for the respondent, the United States Attorney General. In this immigration matter, Mr. Bott has been convicted of two independent offenses, either of which may sustain his removability under 8 U.S.C. Section 1227A23. Let me ask you this. Just as counsel for the appellant sort of said, certain things have occurred since the briefs were filed. And it doesn't appear that you're really, that you've done anything to seriously brief or litigate the 487 here after the DeCamp issue. Your Honors, our request to remand in regards to the grand theft conviction is not a concession of error by the Board. The Board did not have the benefit of the Supreme Court's decision in DeCamps when it issued its decision in this immigration matter in 2012. All right. But if, since you haven't really, you haven't really given it your best, we don't have the best go from you here. There's, can we decide this issue based on the 470? And also then, if we were to decide that the 470 was an aggravated felony, but then there would also necessarily be a remand because of negligee? We believe that the forgery conviction is sufficient to sustain the ground of removability. And if the Court does concur, then remand would not be needed in light of the grand theft conviction, since his removalee would be sustained under the forgery. We believe that clear and convincing evidence shows that the forgery conviction resulted in losses in greater than $10,000 to the victim. The abstract of judgment, the certified transcript of the jury verdict, the information show that. Well, there's actually, I was reading the certified transcript here, but it doesn't look like there's the actual, like what the jurors sign. I mean, and generally what, to me though, in reading of it, it looks like a lot of times the verdict forms will read guilty of the charge and then the way it's read, it seems that the enhancement went with the charge on each of them. There are two of them. And when it was read, it's the 487, and then we further find an enhancement for the amount. Then it says the 470 we find guilty and further. So it looks like probably the actual jury verdict form probably had the enhancement signed on the same page. I concur that the enhancement went to both offenses. As charged in the information, it said to counts one and two that the both offenses were related offenses, part of a pattern of felony conduct. And the provision further provides that it may only be charged once in a single criminal proceeding. And I think that's why the abstract of judgment reflects it once. But as the jury read it in their, in the verdict, it had read it explicitly and twice, once in regards to the forgery conviction and once and again in regards to the grand theft conviction. In light of that, I believe that clear and convincing evidence shows that it's sufficiently tethered to the forgery conviction. And here they found that it was in excess of, a taking was in excess of $150,000, much greater than the $10,000 needed to establish Mr. Bott's conviction as an aggregate felony under the INA. So if we agree with you on that, then we would remand? I do not believe that remand would be required should the Court agree that the forgery conviction was sufficient to sustain the ground of removability. If we disagree with you, we would remand for what? So that the Board may consider the Supreme Court's decision in desk camps in the first instance. With respect to the other conviction? Regarding the grand theft. Right. Okay. Now, the Negrete-Ramirez issue. Yes, Your Honors. That only applies, you're saying, to the grand theft? No. The Negrete-Ramirez would apply regarding Mr. Bott's application for a waiver of inadmissibility under 8 U.S.C. Section 1182H. In his, during his hearing, had conceded that he was inadmissible under 8 U.S.C. Section 1182A2A11. And in light of his grounds of inadmissibility, he would need a waiver so that he could pursue adjustment of status. In January of this year, this Court issued Negrete-Ramirez and held that an alien's post-entry adjustment to lawful permanent resident status and convictions did not necessarily preclude him from applying for such relief. Well, so, but then wouldn't we have to, if, it seems to me what you're asking, and correct me if I'm wrong, is that you want Mr. Bott's forgery conviction as an aggravated felony to be affirmed. You want us to decline to consider whether Mr. Bott's grand theft conviction was a theft offense under the general federal definition. But it seems to me we'd also have to vacate the BIA's ruling that Mr. Bott was eligible to apply for a waiver of inadmissibility. Yes and no, Your Honors. Well, then tell me yes and no. Sorry. That's what I'm asking. That's why you're here. Regarding Mr. Bott's grand theft conviction, we believe that the Board's decision was correct pre-death counts. Should the Court review the Board's legal conclusion de novo, we believe that the grand theft offense was an aggravated felony under the modified categorical approach pre-death counts. In SEC v. Chenery, the Supreme Court held that the propriety of an agency's decision must be judged by the grounds invoked by the Board's decision. Whereas here, the Board did not have the benefit of the Supreme Court's decision in death counts. But if we avoid, but death count is going to apply to the grand theft, right? Yes. If we avoid that issue and go on the forgery, that's what I'm not understanding. Sorry. I misspoke regarding the application of death counts. The Board, having not spoken to the issue, do not believe that it can specify. All right. But we can decide things on the narrowest issue. If we were to agree, and I'm not saying we agree, but I'm giving you the hypothetical. If we were to agree that on the forgery he was removable, what do we have to do about the BIA's finding on the waiver of admissibility regarding Negrete Ramirez? The government has requested that the case be remanded to the Board. That's what I was saying. And then you keep saying we don't have to remand. We do. I'm so sorry. My apologies. I misunderstood. I misunderstood. Okay. Well, I may be unclear, so. Just on this issue of remand, and we may not get to this at all. I don't know what the purpose would be of a remand on the grand theft charge. Even applying the modified categorical approach, isn't it clear here that the conviction under this very broad California theft statute was the form of theft involving false pretenses? I mean, that's what the jury found. And false pretense can be a form of theft that involves actually consent. The generic offense requires a taking without consent. And so even if the BIA properly applied this modified categorical approach, it would have to conclude that the offensive conviction does not meet the generic standard that would make this an aggravated felony. So I don't know what the point would be of sending it back, if we ever got to that point. I'm not certain if I understand correctly the statement. But in this court, in Ramirez-Villapando, it analyzed this statute of conviction and found that it was a generic theft offense. It was not categorically a generic theft offense, not because it lacked consent, but because it included the taking of services as well as money, real property, and personal property. You don't dispute that the 487 is broader than the Federal offense. You don't dispute that, do you? No, Your Honor. Okay. That's fairly established. Yes. The issue that's not decided is that a camp issue on whether the statute's divisible, right? Yes, Your Honor. I do not believe that there's, it's my understanding that it has not been spoken to that it's regarding the divisibility pursuant to those camps. But again, the statute is not categorically a theft offense because it includes the taking of services. In this court, it reviewed the same provision and applied the modified categorical approach and found that the alien's conviction in Ramirez-Villapando had constituted a great felony. All right. Okay. The present, the state of the law on that, this particular statute was it's broader than the Federal offense. So the modified had to be used. But then this camp comes. And so then we can only use the modified on this statute if it's divisible, right? And we, and I'm trying to figure out a way to avoid having to decide whether the statute's divisible right here. Okay. And if the 470 is an aggravated felony, then I don't have to decide that here, do I? Yes. I think you're honest. Okay. That's your job to tell me the easiest way to decide this case in your favor. Okay. If we uphold the conviction for forgery, then we would not remand with respect to this camp. Is that correct? Yes. But we would still have to remand in light of Negretti for the 212H. Is that correct? Yes, that's correct, Your Honor. If there are no further questions, the government rests on its brief and motion. There do not appear to be additional questions. Thank you. Perhaps you want to weigh in on those hypotheticals. I believe Judge Schroeder stated it correctly. If you agree with the government on forgery, still remand on the 212H. Well, I wasn't sure that's what the government was saying. That's why I kept asking him. But okay. Of course, I prefer that you did not agree. Right. Okay. Well, right. And it's only hypothetical at this point, and I recognize that. And I also, just to recomplicate it, direct the Court to this Court's recent decision in Aguilar v. Holder, which was earlier this year, which I cite in my opposition to the government's motion to remand. And determining whether a state conviction is an aggravated felony is an issue of legal interpretation to which the BIA brings no special expertise, as this Court has observed before. And so it would be most efficient for you just to decide that now rather than later. And my client would prefer to get his status determined as soon as possible, one way or the other. Returning to the verdict, I take the panel's points on the verdict. But I would simply emphasize two points. One, which I didn't discuss earlier, is the 18611A enhancement, which is, as government's counsel said, for a pattern of related conduct. But as I discussed in my reply brief, it can be applied where there is a taking and not a loss. And California courts do recognize a difference between a taking and a loss. And, in fact, the citations I give, I think, explain that. And then as far as the transcript, to rely entirely on that transcript as it is to say that it looks like probably the verdict was, the verdict forms were this way and this is what the jury found, that's not clear and convincing evidence. That's connecting the dots and it ignores. Well, what would be more accurate than the court reporter, they're reading the jury verdicts into the record. And, you know, that, and so a clerk does something a different way. Let's say a clerk makes an error. Let's say a clerk puts not guilty and the jury found them guilty. Would then that mean someone's not guilty? I mean, what's the better evidence there? It seems that the jury verdict is the better evidence. Respectfully, Your Honor, I disagree. Not to get too esoteric, but de Camp really, I know de Camp doesn't imply to some, but it addresses this and it looks at the conviction. The conviction is what matters. The jury does not actually convict. It finds them guilty. It's the judge and the judge who applies the sentencing and ties this, ties the enhancements to the conviction. And the question here is not what he committed. It's what he was convicted of. And for that, I think the better evidence is the abstract of judgment and the minute order. Well, but take the hypothetical. Let's say the clerk put not guilty in the abstract and then it was read into the record that the jury found the person guilty. They pulled the jury. It's all in the record. Are you saying that the clerk's abstract would trump the jury verdict in that instance?  I'm looking at the judge, not the jury. Well, but the judge didn't find your client guilty. It was a jury that found your client guilty and the verdict was read into the record. We, the jury, find they read in exactly what was found. Yes, Your Honor. It's the judge who enters the conviction and under the matching the immigration statutes to state convictions, we look at convictions. Okay. Thank you. Thank you both for your argument and once again, thank you for taking this case pro bono. We appreciate that. This matter will stand submitted.
judges: Schroeder, Lipez, Callahan